SEALED 3:26-mj-00088

DISTRICT OF OREGON, ss:               AFFIDAVIT OF RYAN R. DONOVAN

## Affidavit in Support of a Criminal Complaint and Arrest Warrant

I, Ryan R. Donovan, being duly sworn, do hereby depose and state as follows:

## Introduction and Agent Background

1.      I am Special Agent Ryan R. Donovan with the Federal Bureau of Investigation ("FBI") and have been since August 2021, prior to joining the FBI, I served as police officer in Prince William County, Virginia, seven years. During that time, I was assigned as a patrol officer working 9 PM – 7AM, SWAT, and was a school resource officer. My current assignment is to the Transnational Organized Crime and Violent Gangs squad. Since becoming a law enforcement officer, I have received training and/or professional experience in basic narcotic investigations, familiarization with U.S. narcotics laws, financial investigations and money laundering, identification and seizure of drug-related assets, organized crime investigations, physical and electronic surveillance, informant development, Title III investigations, and undercover operations. During the course of my law enforcement career, I have been involved in investigations of numerous federal and state criminal offenses. I have participated in numerous investigations of illicit drug trafficking organizations, ranging from street level dealers to major dealers. These investigations have included the use of confidential sources (CSs), and sources of information (collectively "Sources"); toll records; physical surveillances; and the execution of search warrants. These investigations have also included possession with intent to distribute, and distribution of controlled substances. These investigations have resulted in numerous state and/or federal prosecutions of individuals who have possessed, and or distributed controlled substances, as well as the seizure of those illegal drugs and the proceeds from the sale of those illegal drugs.

AFFIDAVIT OF RYAN ROBERT DONOVAN                                      Page 1

2.      I submit this affidavit in support of a criminal complaint and arrest warrant for

**EDGAR EDUARDO VARGOS LOPEZ** (herein after referred to as **VARGOS LOPEZ**)

Possession with the Intent to Distribute 200 grams or more of a mixture and substance containing a

detectable amount of Methamphetamine, a Schedule II controlled substance., in violation of 21 U.S.C.

§ 841(a)(1).  Possession with the Intent to Distribute 200 grams or more of a mixture and substance

containing a detectable amount of Heroin, a Schedule II controlled substance., in violation of 21 U.S.C.

§ 841(a)(1)

3.      This affidavit is intended to show only that there is sufficient probable cause for

the requested complaint and arrest warrant and does not set forth all of my knowledge about this

matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge

obtained from other individuals during my participation in this investigation, including other law

enforcement officers, interviews of witnesses, a review of records related to this investigation,

communications with others who have knowledge of the events and circumstances described

herein, and information gained through my training and experience.

## Applicable Law

4.      Pursuant to 21 U.S.C. § 841 (a)(1) it is unlawful for any person to knowingly or

intentionally distribute or possess with intent to distribute a controlled substance.

## Use of Confidential Source

5.      This investigation involves the use of a Confidential Source (CS) who provided

the information by his/her own free will. CS is working with investigators and provided

actionable information to law enforcement in exchange for consideration on CS's pending

criminal charges of possession of a controlled substance, delivery of a controlled substance, and

AFFIDAVIT OF RYAN ROBERT DONOVAN                                        Page 2

attempt to elude in a vehicle. No promises or guarantees were made by investigators to gain CS's cooperation. In 2021, CS was arrested and convicted for driving under the influence of intoxicants and unlawful use of a weapon, and additional charges of Theft-1, carrying a concealed firearm, reckless driving, and menacing were dismissed with no conviction. In 2022, CS was arrested for driving while suspended/revoked, but was not convicted. CS is specifically aware of the methods of packaging and the prices of the controlled substances because CS has used and/or has had associates who use these and other types of illegal drugs and has accurately described this information to investigators. CS provided information that led to the seizure of contraband. Based on CS's ability to conduct recorded, drug-related phone calls with a target individual, and observations of physical surveillance that corroborate CS's ability to order narcotics from a target individual, investigators believe the information CS has provided to be credible and reliable.

### Statement of Probable Cause

6.      This affidavit is based on a joint investigation conducted by the Federal Bureau of Investigations (FBI), Clackamas County Interagency Task Force (CCITF), as well as other federal and state law enforcement, hereinafter referred to collectively as "Investigators."

7.      In 2025 investigators started an investigation related to a subject involved in the distribution of methamphetamine and heroin.  Investigators initially identified this subject by the moniker "Victor," but later identified him as **VARGOS LOPEZ**.

8.      On April 1, 2024, investigators requested the CS to order a pre-determined amount of methamphetamine and heroin from **VARGOS LOPEZ**.  Investigators provided a time and location (9009 SW Hall Blvd, Tigard, Oregon) for **VARGOS LOPEZ** to conduct the

AFFIDAVIT OF RYAN ROBERT DONOVAN                                      Page 3

deal with the CS.  Investigators then set up surveillance at the deal location around 9009 SW Hall Blvd. **VARGOS LOPEZ** called the CS when he arrived at the deal location.  Investigators did not see any of the known vehicles associated with **VARGOS LOPEZ** at the deal location. The CS contacted **VARGOS LOPEZ** in the parking lot to confirm that the CS had arrived and was ready to conduct the narcotics deal. **VARGOS LOPEZ** was seen driving a black Chrysler 200 bearing Oregon plate 310QXW (hereinafter "Target Vehicle"). When the CS confirmed **VARGOS LOPEZ** vehicle and his location, investigators conducted a vehicle pin on the Target Vehicle and detained **VARGOS LOPEZ**.  Investigators provided **VARGOS LOPEZ** his Miranda rights in both England and then in Spanish, which he replied "Si."  Inside the vehicle and on **VARGOS LOPEZ** person, Investigators located approximately 321.2 grams of Heroin in two separate baggies, a large bag containing approximately 260 grams in **VARGOS LOPEZ** right jacket pocket and the other 61.2 grams was located in the driver side door pocket.  This substance was tested via Mobile Detect for a presumptive positive for Heroin.

9.      Investigators located two separate baggies containing approximately 271.8 grams of methamphetamine in the Target Vehicle. One large baggie of methamphetamine was in the center console of Target Vehicle and weighed about 240 grams.  The other baggies of methamphetamine was found inside of a sock in the driver side door panel of the Target Vehicle and weighed about 31 grams.   The methamphetamine tested presumptive positive using Mobile Detect. **VARGOS LOPEZ** would not admit to selling or being in possession of these narcotics. Photographs of the seized heroin and methamphetamine are below:

AFFIDAVIT OF RYAN ROBERT DONOVAN                                          Page 4





10.    **VARGOS LOPEZ** stated he was not a big-time dealer and did not know any big-time dealers.  **VARGOS LOPEZ** denied consent for investigators to search his cellphones.

## **Knowledge about Drugs**

11.    I know that heroin is a depressant and that users typically use it by injecting it in a liquid form or by smoking it. I know a gram of heroin typically sells for approximately $80 to $100. I know that a typical user of heroin uses it in small amounts of less than a gram, often in

AFFIDAVIT OF RYAN ROBERT DONOVAN                                        Page 5

quantities of one-tenth (.1) to one-quarter (.25) of a gram, at a time. I know that heroin is very potent and that a person possessing more than 10 grams of heroin does not posses it for person use, but rather such a quantity indicates it is possessed for purposes of further distribution.

12.     I know that methamphetamine affects users and how it leaves the user wanting for more. I know that methamphetamine is a Schedule II controlled substance. I also know from training and experience that methamphetamine in its illicit form is a highly addictive stimulant that causes both short-term and long-term psychiatric effects. Users of methamphetamine often experience extreme agitation, anxiety, paranoia, visual and auditory hallucinations. Because methamphetamine is a very potent stimulant, users of methamphetamine run the risk of seizures, elevated blood pressure, stroke, and death. I also know, based upon my training an experience, that methamphetamine is typically used in quantities of one-tenth (.1) to one-quarter (.25) of a gram, either intravenously or by being smoked. I know a gram of methamphetamine on the street can sell for around $10 to $20 and that users typically buy only a couple of grams at a time. Accordingly, I know that a person possessing over 10 grams of methamphetamine does not possess it for personal use but rather such a quantity indicates that it is possessed for purposes of further distribution.

## Conclusion

13.     Based on the foregoing, I have probable cause to believe, and I do believe, that **VARGOS LOPEZ** has committed the crimes of; being in Possession with the Intent to Distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance., in violation of 21 U.S.C. §§ 841(a)(1),

AFFIDAVIT OF RYAN ROBERT DONOVAN                                    Page 6

(b)(1)(B) and being in Possession with the Intent to Distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance., in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B).

///

///

///

AFFIDAVIT OF RYAN ROBERT DONOVAN                                    Page 7

14.    Prior to being submitted to the Court, this affidavit, the accompanying complaint was all reviewed by Assistant United States Attorney Lewis Burkhart.  AUSA Burkhart advised me that in his opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

_By phone pursuant to Fed R. Crim. P. 4.1_
Ryan R. Donovan
Special Agent
Federal Bureau of Investigation

Subscribed and sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at __9:00__ a.m./p.m. on April _3,_ 2026.

_____
HONORABLE JOLIE RUSSO
UNITED STATES MAGISTRATE JUDGE

AFFIDAVIT OF RYAN ROBERT DONOVAN                                    Page 8